)IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**CHRISTOPHER CARTER**

      **Plaintiff,**

**v.**

**ACADIA HEALTHCARE COMPANY, INC. d/b/a CHARLESTON COMPREHENSIVE TREATMENT CENTER, a foreign corporation; MARK ELLIOT MCDANIEL, D.O.; and JARED MUSE**

      **Defendants.**

**Case No.**   2:23-cv-00461

**(removed from Circuit Court of Kanawha County, WV, civil action no. 23-C-506)**

---

## NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. § 1441, Acadia Healthcare Company, Inc. ("Acadia"), incorrectly identified as "Acadia Healthcare Company, Inc. d/b/a Charleston Comprehensive Treatment Center," removes this case from the Circuit Court of Kanawha County, West Virginia to this Court. In support thereof, Acadia avers as follows:

1. Plaintiff Christopher Carter initiated this action by filing a Complaint in the Circuit Court of Kanawha County, West Virginia on or about June 12, 2023. Copies of the State Court complaint and file are attached as Exhibit A.

2. To the best of Acadia's knowledge, Defendant Mark Elliot McDaniel, D.O. has never been served. No proof of service upon McDaniel is in the State Court file or reflected on the State Court docket. *Id.*

3.  The Complaint establishes diversity of citizenship at the time of the filing of the State Court action. The Plaintiff is, and was at the time of filing the State Court action, a resident and citizen of West Virginia. Complaint at ¶ 1.

4.  Acadia is a business incorporated in the State of Delaware with a principal place of business at 6100 Tower Circle, Suite 1000, Franklin, Tennessee 37067. *Id.* at ¶ 2.

5.  The Complaint alleges Defendant Jared Muse to be a resident of West Virginia. *Id.* at ¶ 5. However, it is citizenship—not residency—that determines diversity for removal purposes. *See Frye v. S. Lithoplate, Inc.*, 2013 WL 6246780, *2 (N.D. W. Va. Dec. 3, 2013) (holding that an allegation of "residency does not establish citizenship in a state" and noting that an individual is a citizen in the state of domicile). Therefore, Plaintiff's allegation of West Virginia residency does not address the issue of citizenship for diversity and removal purposes.

6.  In fact, Muse is now, and was at the time of filing of the State Court action, a citizen of the State of Florida.

7.  As stated above, at the time of the filing of this Notice of Removal, Defendant McDaniel has not been served and therefore is not properly joined and served as a defendant under 28 U.S.C. § 1441(b)(2). *See Vitatoe v. Mylan Pharm., Inc.*, 2008 WL 3540462, *5 (N.D.W. Va. Aug. 13, 2008) (permitting removal, despite the forum defendant rule, if the forum defendant was not served at the time of removal, and holding that if a forum defendant is joined and served after the action is already removed to federal court, removal jurisdiction is not affected; *see also Active Res., Inc. v. Hagewood,* 2022 U.S. Dist. LEXIS 189045, *9 (S.D.W. Va. Oct. 17, *2022) (citing Bloom v. Library Corp*., 112 F. Supp. 3d 498, 506 (N.D.W. Va. 2022) (recognizing removal by a non-forum defendant "prior to the

effectuation of service on a resident defendant"). The parties in this case are therefore completely diverse pursuant to 28 U.S.C. § 1332(a)(1).

8. Title 28 U.S.C. § 1332(a) further requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interests and costs. *Id.* To demonstrate that the jurisdictional amount has been met, a removing party must establish only that it is more likely than not that the amount in controversy exceeds $75,000. *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 481 (S.D. W. Va. 2001); *see also Dixon v. Edwards*, 290 F.2d 568, 569 (4th Cir. 2002) ("It is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'"). Plaintiff's Complaint does not specify the amount of actual damages sought; however, a removing party need not rely on unspecified actual damages to show that the amount in controversy is met. *McCoy*, 147 F. Supp. 2d at 481.

9. The Complaint seeks, among other things, judgment against Defendants in an amount sufficient to compensate Plaintiff for the lost wages resulting from Defendants' alleged breach of his employment agreement and separation from employment. The Complaint alleges that, pursuant to the employment agreement, Plaintiff was "to be paid a salary of $104,000 per year." Complaint at ¶ 9. The Complaint also alleges that Plaintiff was terminated on June 15, 2021, nearly two years before the filing of the Complaint on June 12, 2023. *Id.* at ¶ 50. Plaintiff's lost wages from the date of termination through the filing—nearly two years of wages—thus exceeds $75,000.  Plaintiff also alleges a host of other claims and seeks damages for each of them.  If proven, such damages are reasonably likely to exceed the diversity jurisdictional threshold.

10. Based upon the foregoing, the United States District Court for the Southern District of West Virginia, Charleston Division has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the controversy is between citizens of different states and more likely than not  exceeds the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1441 *et seq.*, this action is thus removable from the Circuit Court of Kanawha County, West Virginia. Acadia has filed this Notice of Removal within thirty (30) days of the first-served Defendant's receipt of the State Court complaint, which was issued to Acadia on or around June 22, 2023.

11. Concurrent with the filing of this Notice of Removal, Acadia has filed a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Kanawha County, West Virginia giving notice that Acadia has removed this action to the United States District Court for the Southern District of West Virginia. A copy of the Notice of Filing to State Court is attached hereto as Exhibit B. A copy of the Notice to State Court of Removal will also be promptly served upon Plaintiff's counsel.

12. Defendant Muse, the only other served defendant in this action, consents both to removal. Muse is also represented by undersigned counsel.

WHEREFORE, this matter is removed from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia, Charleston Division. Acadia respectfully asks that this matter now proceed before the United States District Court for the Southern District of West Virginia, Charleston Division as a case properly removed.

/s/ *Mark C. Dean*
Mark C. Dean (WV Bar No. 12017)
Steptoe & Johnson PLLC
707 Virginia Street East

Charleston, WV 25301
Phone: 304-353-8000
mark.dean@steptoe-johnson.com

Mark W. Peters (*pro hac vice application
forthcoming*)
Matthew A. Caplan (*pro hac vice application
forthcoming*)
HOLLAND & KNIGHT, LLP
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee 37219-8966
Phone: 615-244-6380
markwpeters@hklaw.com
matthew.caplan@hklaw.com

*Counsel for Defendant Acadia Healthcare Company,
Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing Notice of Removal has been served via CM/ECF to:

David J. Mincer
Bailey & Wyant, PLLC
500 Virginia Street East, Suite 600
Charleston, WV 25301
Phone: 304-345-4222

*Counsel for Plaintiff*

on this the 28th day of June, 2023.

/s/ *Mark C. Dean*_____