**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CHRISTOPHER CARTER,

                Plaintiff,

v.                                  CIVIL ACTION NO.   2:23-cv-00461

ACADIA HEALTHCARE COMPANY, INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Christopher Carter's ("Plaintiff") Motion for Remand and Award of Attorney's Fees.  (ECF No. 6.)  For the reasons discussed more fully below, Plaintiff's motion is **GRANTED**.

*I.     BACKGROUND*

On June 12, 2023, Plaintiff Christopher Carter filed this action in the Circuit Court of Kanawha County, West Virginia, against his former employer, Acadia Healthcare Company, Inc. d/b/a Charleston Comprehensive Treatment Center ("Acadia"), and two of his former supervisors there, Mark McDaniel ("McDaniel") and Jared Muse ("Muse").  (ECF No. 1-1.)  Plaintiff alleges harassment and discrimination, as well as retaliation for reporting the same, in violation of the West Virginia Human Rights Act, West Virginia Code § 5-11-1 *et seq.*  (*Id.*)

On June 28, 2023, Defendant Acadia removed this matter to federal court based on

diversity jurisdiction.   (ECF No. 1.)   The parties dispute whether Defendant McDaniel was properly served prior to Defendant Acadia filing the notice of removal.   (*Compare* ECF No. 1 at 2, ¶7, *with* ECF No. 7 at 9.)   On July 26, 2023, Plaintiff timely filed the pending motion for remand based on lack of diversity jurisdiction and requested that attorney's fees be awarded.   (ECF No. 6.)   Defendant Acadia subsequently filed a timely response, and Plaintiff likewise filed a timely reply.   (ECF Nos. 9 and 14.)   As such, this case is fully briefed and ripe for adjudication.

## II.    *LEGAL STANDARD*

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States."   U.S. Const., art. III, §2.   "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."   28 U.S.C. § 1332(a)(1).   The Supreme Court has long "read the statutory formulation 'between . . . citizens of different States'" in Section 1332(a)(1) "to require complete diversity between all plaintiffs and all defendants."   *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing C*aterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).   "[T]he 'complete diversity' rule clarifies that [Section 1332(a)(1)] permits jurisdiction only when no party shares common citizenship with any party on the other side."   *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted).   Notably, diversity jurisdiction is determined by the face of the complaint, not by which defendants have been served—properly or otherwise.   *See Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n. Local 159*, 714 F.2d 342 (4th Cir.1983).

Congress also provided a right to remove a case from state to federal court under 28 U.S.C. § 1441, which states, in relevant part, that "any civil action brought in a state court of which the

district courts of the United States *have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States" in the district in which the action is pending.   28 U.S.C. § 1441(a) (emphasis added).   Importantly, "federal jurisdiction . . . is fixed at the time the . . . notice of removal is filed."   *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) (citing *Mollan v. Torrance*, 22 U.S. (9 Wheat) 537, 539 (1824)).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal," *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted), and defendants have the burden to show the existence of federal jurisdiction by a preponderance of the evidence, *Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723, 726 (D. Md. 2006) (citing *Schwenk v. Cobra Mfg. Co.*, 322 F. Supp. 2d 676, 678 (E.D. Va. 2004)).   Further, because removal of civil cases from state to federal court infringes state sovereignty, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.   *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined."); *Mulcahey*, 29 F.3d at 151 ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction.") (citation omitted); *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting "Congress' clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction") (citation omitted).

## III.   DISCUSSION

At bottom, this case turns on whether complete diversity existed at the time Defendant Acadia filed its notice of removal.   While the parties agree that both Plaintiff and Defendant

McDaniel have at all relevant times been citizens of West Virginia, they disagree to whether Defendant McDaniel was properly served before the notice of removal and whether such service is relevant for purposes of diversity jurisdiction.  (*See generally* ECF Nos. 7 and 9.)   According to Defendant Acadia, Plaintiff's attempted service on June 26, 2023, failed because Defendant McDaniel did not reside in the home at which his mother received the Amended Summons and Complaint.  (ECF No. 9 at 4.)    Based on this improper service, Defendant Acadia argues that Defendant McDaniel was never served, and his citizenship is therefore irrelevant to determining whether diversity existed at the time of removal.  (*See id.*; ECF No. 1 at 2, ¶7.)

Plaintiff, on the other hand, argues that Defendant McDaniel was properly served prior to removal and that, even if service was improper, Defendant McDaniel still destroys diversity and renders removal improper.  (ECF No. 7 at 3–4.)   Further, Plaintiff argues that Defendant Acadia's basis for removal is so unreasonable that Plaintiff should be awarded attorney's fees and costs associated with the pending motion for remand.  (*Id.* at 4–5.)

The Court agrees with Plaintiff that this case must be remanded.   Additionally, Defendant Acadia's argument in favor of removal is so specious that an award of attorney's fees is warranted. Each issue is discussed in turn below.

### A.  Diversity Jurisdiction and Removal

The key issue in this case is whether a forum defendant who has not been served at the time of removal is relevant for purposes of determining diversity.   A defendant's ability to remove based upon diversity jurisdiction is limited by 28 U.S.C. § 1441(b)(2), which provides that "[a] civil action *otherwise removable solely on the basis of the jurisdiction under section 1332(a)* of this title may not be removed if any of the parties in interest *properly joined and served* as

defendants is a citizen of the State in which such action is brought." (emphasis added). This provision, "commonly known as the 'forum defendant rule,' is 'separate and apart from the statute conferring diversity jurisdiction . . . [and] confines removal on the basis of diversity to instances where no defendant is a citizen of the forum state.'" *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 377 (N.D. W. Va. 2011) (quoting *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006)). In *Councell*, the court emphasized that:

> The forum defendant rule exists due to the basic premise behind diversity jurisdiction itself. Section 1332 jurisdiction is designed as a protection for out-of-state litigants from possible bias in favor of in-state litigants in state court. Removal based upon diversity serves this purpose in that an in-state plaintiff may not utilize her position as master of the case to keep an out-of-state defendant in state court in order to take advantage of local bias. *However, the protection upon which removal based upon diversity is premised is not an issue when an out-of-state plaintiff chooses to bring[] a suit in the state where the defendant is a citizen.* Therefore, the forum defendant rule exists to allow the plaintiff to retain a certain amount of control over her case when such concerns about local bias in her favor are not at issue.

*Id.* at 379 (emphasis added) (citation omitted); *see also Lively*, 456 F.3d at 940 ("The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought."). "Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court." *Lively*, 456 F.3d at 940; *see also Councell*, 823 F. Supp. 2d at 379 ("*[I]f diversity jurisdiction exists* and a defendant removes a case in violation of the forum defendant rule . . . , the plaintiff may still exercise control over the case by moving for remand.") (emphasis added).

As Defendant Acadia frames this case, the issue is whether the "properly joined and served" language in Section 1441(b)(2) required the plaintiff to serve the resident defendant in order for the forum-defendant rule to bar removal. (*See* ECF Nos. 7, 9, and 14.) Specifically,

Defendant Acadia argues that the plain meaning of the phrase "properly joined and served" allows removal because the forum defendant—Defendant McDaniel—was not properly served at the time of removal.   (*See* ECF No. 9.)   This practice is commonly referred to as "snap removal," and its propriety has yet to be addressed by the Fourth Circuit.   Conversely, Plaintiff argues that regardless of whether Defendant McDaniel was properly served at the time of removal, removal is improper as this Court lacks jurisdiction because diversity does not exist.   (*See* ECF Nos. 7 and 14).

As an initial matter, diversity is determined by the face of the complaint, *Hunter Douglas*, 714 F.2d at 345, and it is undisputed that Plaintiff and Defendant McDaniel are and have at all relevant times been citizens of West Virginia.   (*See* ECF Nos. 7, 9, and 14.)   Thus, it becomes plainly obvious that diversity did not exist at the time of filing, and this case could not be "otherwise removable" to federal court as required by the plain language of § 1442.

In spite of this, the crux of Defendant Acadia's argument is that Defendant McDaniel's citizenship is irrelevant to determining diversity jurisdiction because he was not properly served. However, Defendant Acadia conflates the forum defendant rule with the requirements of diversity jurisdiction.   In essence, Defendant Acadia asks this court to construe the forum defendant rule as an additional basis for removal.   (*See generally* ECF Nos. 1 and 9.)   As this court has held before, however, "the forum defendant rule does not provide an additional basis for jurisdiction." *McDonald v. Altice Tech. Servs. US Corp.*, No. 2:19-CV-00784, 2020 WL 5665795, at *7 (S.D.W. Va. Sept. 23, 2020).   And here, like *McDonald*, "since complete diversity did not exist at the time of removal, this Court [will] not apply the forum defendant rule."   *Id.*

6

While "snap removal" may be a contested issue in the Fourth Circuit, this court need not weigh in on its propriety because the courts of this district have never held that the forum defendant rule can overcome the requirement for complete diversity.   To do so would require the courts to read the phrase "otherwise removable solely on the basis of the jurisdiction under section 1332(a)" out of the removal statute.   The court refuses to do so.

Accordingly, because diversity jurisdiction does not exist, Plaintiff's motion for remand is **GRANTED**.

   *B.  Attorney's Fees*

Plaintiff requests fees and costs incurred as a result of this action's removal, arguing that Defendant Acadia lacked an objectively reasonable basis for removal.   (ECF No. 7 at 9–10.) Upon remanding a case to state court, this Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   28 U.S.C. § 1447(c). "There is no automatic entitlement to an award of attorney's fees."   *Beusterien v. Icon Clinical Research, Inc.*, 517 F. App'x 198, 199 (4th Cir. 2013) (per curiam) (citation omitted)."   "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."   *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).   In other words, "the standard for awarding fees should turn on the reasonableness of the removal."   *Id.* at 141.   "Absent unusual circumstances, courts may award attorney's fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."

*Id.*   Further, "[t]he ultimate decision as to whether or not fees and costs should be awarded is left to the sound discretion of the district court, and it is not necessary for the Court to find 'bad faith' on the part of the removing party before making such awards."   *Allen v. Monsanto Company*, 396 F.Supp.2d 728, 733 (S.D. W. Va. 2005) (citing *Watson v. Charleston Hous. Auth.*, 83 F.Supp.2d 709, 712 (S.D. W. Va. 2000)).   "The purpose, instead, is to reimburse a party for the costs associated with responding to an improper removal."   *Id.*

Here, the Court believes that an award of fees and costs is necessary, as Defendant Acadia lacked an objectively reasonable basis for removal. To begin, the lack of diversity jurisdiction is apparent on the face of the complaint: both Plaintiff and Defendant McDaniel are citizens of West Virginia.   Further, immediately after the notice of removal was filed, Plaintiff informed Defendant Acadia that complete diversity did not exist, provided a statutory analysis supporting the claim, and requested that Acadia cure its meritless notice of removal.   (*See generally* ECF No. 6, Ex. 1 and 2.)   As noted by Plaintiff, Defendant Acadia failed to heed these warnings and disregarded the request to withdraw the notice of removal.   Even worse, the legal arguments put forth by Defendant Acadia fail to cite a single case in this district or the Fourth Circuit wherein removal was deemed proper in spite of a lack of complete diversity among the parties.   Instead, Defendant Acadia presented a series of cases wherein complete diversity was *clearly undisputed*.[1]

Given the total dearth of relevant case law supporting its arguments for removal, this Court cannot find any objectively reasonable basis for removal that warranted development.   Thus, the

---

[1] Defendant Acadia cites to numerous cases for support—none of which are persuasive because complete diversity was not at issue.   *See Bloom v. Libr. Corp.*, 112 F. Supp. 3d 498 (N.D.W. Va. 2015) (Pennsylvania plaintiff suing Florida, Maryland, and West Virginia defendants); *Small v. Ramsey*, No. 1:10CV121, 2010 WL 4394084 (N.D.W. Va. Nov. 1, 2010) (North Carolina plaintiff suing West Virginia defendants); *Carman v. Bayer Corp.*, No. CIV.A. 5:08CV148, 2009 WL 1649715 (N.D.W. Va. June 10, 2009) (Ohio plaintiffs suing Pennsylvania and West Virginia defendants); *Vitatoe v. Mylan Pharms., Inc.*, No. CIV.A. 1:08CV85, 2008 WL 3540462 (N.D.W. Va. Aug. 13, 2008) (Louisiana plaintiffs suing West Virginia and Pennsylvania defendants).

Court can only logically conclude that Defendant Acadia sought to "delay litigation, run up costs . . . and waste everyone's time, the Court's included." *Rogers v. Tarbox*, No. 2:22-CV-00499, 2023 WL 2842879, at *5 (S.D.W. Va. Apr. 7, 2023).

Accordingly, Plaintiff is entitled to a fee and costs award based upon the objectively unreasonable removal. It is thus **ORDERED** that Plaintiff file a petition for fees and costs containing an itemized recitation of the hourly rate, hours and costs devoted to obtaining remand.

*IV.     CONCLUSION*

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Remand and Award of Attorney's Fees.   (ECF No. 6.)   The Court hereby **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia.   The Court further **DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:         December 7, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE

9